IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| DEBORAH FRAHM, ) | |
| ) | Case No. 4:02cv00089 |
| Plaintiff, ) | |
| ) | **AMENDED** |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | By: Jackson L. Kiser |
| Defendant. ) | Senior United States District Judge |
| ) | |

Before this Court is Plaintiff Deborah Frahm's ("Frahm") Claim [27] in which Frahm seeks an award of a monetary recovery within the Title VII jurisdiction of this Court. Both parties have submitted briefs to the Court and oral argument was heard on May 17, 2005; therefore this case is ripe for decision. For the reasons discussed below, Frahm's Motion for Monetary Recovery, is **NOT GRANTED**. Additionally, Frahm's request for attorney's fees is **DENIED**.

**STATEMENT OF FACTS**

In 1993, Frahm served as the Chief of the Criminal Investigation Division ("CID"), in the Columbia, South Carolina District office of the Internal Revenue Service ("IRS"). In October of that year, the IRS's Inspection Division (now referred to as Treasury Inspector General for Tax Administration ("TIGTA")) – initiated an investigation into an allegation that on July 20, 1993, a Group Manager of CID, Abel Trevino ("Trevino"), consumed alcohol while driving in his Government vehicle, and that Frahm, a CID Chief, had knowledge of Trevino's conduct but failed to act. In 1994, following

1

the TIGTA investigation, Frahm was subjected to a disciplinary action involving a 30-day suspension by the IRS.  According to Frahm, in response to being subjected to this suspension, she filed an EEO complaint for employment discrimination under Title VII.  However, Frahm and the IRS resolved the claim through the execution of a settlement agreement ("the Settlement") signed by the two parties on June 10, 1994.  As part of the Settlement, the IRS agreed to "remove and destroy all references to Frahm's records regarding the suspension within 30 days of the execution of the Settlement. (Settlement Agreem. Para. 13, Sec. A).

Frahm subsequently took voluntary early retirement from the IRS in 2000, eight years earlier than had she worked to her full retirement age.  After retirement, Frahm applied to be an enrolled agent with the IRS but her application was denied in July of 2001 because her personnel file contained a disciplinary record revealing the 30-day suspension.  Frahm sent a letter to the IRS dated August 3, 2001, in which she alleged that the agency was in breach of the Settlement; specifically that they had failed to remove records of her expunged suspension in accordance with the terms of the agreement. When the IRS did not respond to Frahm's letter, she filed an appeal with the EEOC seeking as remedies enforcement of the Settlement and expungement of the necessary files.  The EEOC was unable to determine whether the IRS breached the terms of the Settlement and remanded the matter to the IRS instructing the agency to issue a decision within 30 days on whether it breached the Settlement. The IRS failed to do so and Frahm brought suit on the underlying claim of breach of the Settlement.

**PROCEDURAL HISTORY**

In October 2002, Plaintiff filed a Complaint in this Court, alleging fraud, defamation, breach of

settlement, gender discrimination, and retaliation, demanding judgment in the amount of $5,000,000, as well as punitive damages and attorney's fees. The Government filed a motion to dismiss the Complaint, which on June 19, 2003, this Court granted in part and denied in part. The Court dismissed Frahm's claims with regard to fraud and defamation, transferred the breach of the settlement claim to the Court of Federal Claims, and retained and stayed the discrimination claim under its Title VII jurisdiction.

After reviewing the case, the Court of Federal Claims found that it lacked jurisdiction to award either equitable relief or monetary damages and directed that the proper forum for Frahm's breach of settlement claim was the district court. Subsequently, the case was returned to this Court on September 14, 2004. On December 15, 2004, the Government filed its Answer denying that it had breached the settlement. In March of 2005, the Government abandoned its position regarding its denial of breach of the Settlement Agreement. The parties subsequently engaged in discovery and in March 2005, the Government eventually conceded that it had in fact breached the Settlement.

## **DISCUSSION**

### I.     JURISDICTION

The present case arises from the Government's breach of a Title VII settlement agreement which Frahm, a federal employee, seeks to enforce. The parties dispute whether Frahm's action can properly be considered an action brought under Title VII for purposes of establishing federal question jurisdiction. I am persuaded by Judge Flannery's opinion in *Robles v. United States*, 1990 WL 155545 (D.D.C.) that the present action does arise under Title VII. In *Robles*, the plaintiff, like Frahm, was a federal employee seeking recovery for breach of a settlement agreement entered into with the

3

government to resolve a discrimination charge.  The *Robles* Court acknowledged that plaintiff's status as a *federal* employee seeking to enforce a settlement made the issue a novel one so far as it could determine from its own research.  *Robles* at *5.  But it found persuasive the numerous cases dealing with private sector suits in which it was held that federal courts do have jurisdiction under Title VII over actions to enforce settlement agreements, and stated that it "believe[d] that the considerations leading to that conclusion apply with equal force to actions brought by federal employees." *Id.*  The *Robles* Court continues by stating: "In that Congress did give federal employees the right to bring a civil action to enforce Title VII against the government [under 42 U.S.C.A. §2000e-16(c)], there is no reason to think that Congress intended to permit private sector employees to enforce their settlement agreement rights through an appropriate action under Title VII, but not federal employees." *Id.* at *6.  This line of reasoning is sound and leads me to find that Frahm's action to enforce her Title VII settlement is an action brought under Title VII itself, providing this Court with §1331 federal question jurisdiction.

## II.     FRAHM'S REMEDY FOR BREACH OF SETTLEMENT AGREEMENT

The question before the Court is whether Frahm may seek monetary damages as a remedy for the Government's breach of the Settlement. Under the terms of the Settlement itself, the only remedy provided to Frahm in the event of breach is reassertion of her original Title VII claims.  In addition to this, 29 C.F.R. §1614.504(a) provides two exclusive alternatives for employees alleging that an agency has breached a settlement agreement resulting from an EEO complaint: 1) specific implementation of the settlement; or 2) reinstatement of the original discrimination complaint for processing.  In neither case is monetary damages provided as a remedy for the Government's breach.  Frahm asserts, however, that

4

these remedies are not exclusive, and argues that the Court may exercise its power to grant relief in Title VII cases under 42 U.S.C. § 2000e-5(g) and award monetary damages for the breach. Frahm also argues that the breach of the Settlement is a breach of contract, for which the appropriate remedy is to return the parties to the positions they enjoyed prior to contracting; to do this, Frahm argues, requires the Court to restore "the real financial consideration [Frahm] contributed to the execution of the Settlement: an ultimate reduction in pay to GS-13."[1] (Frahm Brief in Support, Sec. 2-A).

I find Frahm's argument unpersuasive because it fails to take into account that this is an action against the United States and is only maintainable because the United States has waived its sovereign immunity. *See Machado v. Frank*, 767 F. Supp. 416, 419 (D.R.I. 1991) (*citing* 42 U.S.C. 2000e-16) ("Under Title VII, the federal government has waived its sovereign immunity to a certain extent. Prior to filing a complaint in court, however, a Title VII plaintiff must exhaust his administrative remedies.") (citations omitted). A waiver of sovereign immunity must be strictly construed in favor of the United States. *United States Dep't of Energy v. Ohio*, 503 U.S. 607, 112 S.Ct. 1627, 118 L.Ed.2d 255 (1992); *Shoulders v. U.S.D.A.*, 878 F.2d 141, 143 (4th Cir. 1989). Thus, even though in private party litigation Frahm's claim for breach of contract and monetary damages may lie, in a suit against the U.S., the procedures attendant on the grant of immunity must be followed. As pointed out above, both the Settlement and the C.F.R. circumscribe the remedies available to Frahm; i.e. to be

---

[1] According to Frahm, the "financial consideration" involved in the reduction to GS-13 is analogous to "back pay," the total amount of which consists of two elements: (1) the difference between GS-15 and -13 for the years she continued in employment with the IRS ($92,456.00), and (2) the amount of salary and benefits she would have received at her pre-settlement level of GS 15; when the latter element is reduced by a credit for salary and benefits she has actually received or will receive through her expected retirement date of 2008, the figure amounts to $1.230.782.00.

5

placed in the position she was prior to the Settlement, which means she is free to pursue her Title VII claim of discrimination and, if successful, to be entitled to the remedies available to a prevailing party in a Title VII suit.

### III.  ATTORNEY'S FEES

In addition to a monetary award, Frahm argues that she is eligible for an award of her costs and attorney's fees.  Her request requires the Court to treat her as a prevailing party in a Title VII action and exercise its discretion under 42 U.S.C. § 2000e-5(k).  This is untenable based on Court's holding above.  While the Government has conceded to breaching the Settlement, this does not place Frahm in the position of a prevailing party under Title VII.  Rather Frahm's only available remedy for breach is to reinstate her Title VII claim of discrimination.  Thus she may not seek attorney's fees unless she has pursued this reinstated claim to a successful end.  Therefore, I deny Frahm recovery of attorney's fees.

### CONCLUSION

In summary, for the reasons discussed above, Frahm's Motion for Monetary Recovery is **NOT GRANTED**.  Additionally, Frahm's request for attorney's fees is **DENIED**.  The clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.  An appropriate Order shall this day issue.

Entered this 23rd day of June, 2005.

s/Jackson L. Kiser
Senior United States District Judge.